

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

IVORY LEE THOMPSON, §
                    §
     Movant,        §
                    §
VS.                 §  NO. 4:17-CV-484-A
                    §  (NO. 4:14-CR-195-A)
UNITED STATES OF AMERICA, §
                    §
     Respondent.    §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of Ivory Lee Thompson ("Thompson") to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Having reviewed the motion, the government's response, the entire record, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On December 11, 2014, Thompson pleaded guilty to the offense of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). CR Doc.[1] 66; CR Doc. 74 at 26. Thompson moved to withdraw his guilty plea on January 8, 2015. CR Doc. 49. After a hearing held January 16, 2015, the court denied Thompson's motion. CR Doc. 55. On April 3, 2015, Thompson

---

[1] The "CR Doc. _" references are to the number of the item on the docket in Criminal Action No. 4:14-CR-195-A.

received an above-guidelines sentence of 120 months' imprisonment to be followed by a three-year term of supervised release. CR Doc. 66. The United States Court of Appeals for the Fifth Circuit affirmed the judgment and the Supreme Court denied certiorari. United States v. Thompson, 637 F. App'x 176 (5th Cir.), cert. denied, 137 S. Ct. 86 (2016). The government does not dispute that Thompson has timely filed the instant motion under § 2255.

II.

Grounds of the Motion

Thompson raised three grounds for relief. First, Thompson challenged the court's application of USSG § 2K2.1(a)(4), arguing that his prior conviction for burglary of a habitation was not a predicate "crime of violence." Second, Thompson claims ineffective assistance of counsel by advising Thompson to withdraw a pending motion to suppress and enter a guilty plea without having first subpoenaed and reviewed the dashcam video from the arresting officer. Third, Thompson contends that Amendment 798 to the Sentencing Guidelines should retrotactively apply to his case because "his sentence was not yet final when the amendment was passed and he is on [§] 2255." Thompson also argues in passing that counsel was ineffective for failing to raise the first and third grounds on appeal.

III.

## Pertinent § 2255 Principles

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-65 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991).

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

IV.

Analysis

A.  The Sentencing Guidelines Ground

Thompson challenges the court's application of USSG § 2K2.1(a)(4). Misapplication of the Sentencing Guidelines, however, is not cognizable on collateral review. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999); United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In any event, Thompson's claim fails on the merits, as the United States Court of Appeals for the Fifth Circuit recently held that burglary of a habitation is a crime of violence under the Guidelines for purposes of § 2K2.1. United States v. Hernandez, ___ F. App'x ___, 2017 WL 2544529, at *1 (5th Cir. Jun 9, 2017) (citing United States v. Uribe, 838 F.3d 667, 670-01 (5th Cir. 2016), cert. denied, 137 S. Ct. 1359 (2017)).

Thompson's invocation of Mathis v. United States and its progeny is unavailing. 136 S. Ct. 2243 (2016). Mathis is not retroactively applicable to cases on collateral review. See In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (mem.); cf. United States v. Morgan, 845 F.3d 664 (5th Cir. 2017) (holding that Descamps v. United States, 133 S. Ct. 2276 (2013) was not made retroactive to cases on collateral review)). Thompson is not entitled to the relief he seeks.

4

Thompson's counsel was not ineffective for failing to challenge the court's application of § 2K2.1(a)(4) on appeal. An ineffective assistance of counsel claim cannot be based on "[a]n attorney's failure to raise a meritless argument." United States v. Kimbler, 167 F.3d 889, 893 (5th Cir. 1999).

B.  The Ineffective Assistance of Counsel Ground

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 146-50 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466

5

U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Stated differently, the question is whether counsel's representation amounted to incompetence under prevailing professional norms and not whether it deviated from best practices or most common custom. Premo v. Moore, 562 U.S. 115, 122 (2011).

Thompson claims that counsel was ineffective by advising him to withdraw a pending motion to suppress and plead guilty without having first subpoenaed and reviewed the dashcam video from the arresting officer. Thompson argues that he would have been successful on the motion to suppress had counsel obtained and reviewed the dashcam video.

Counsel advised Thompson that he did not think they would be successful on a motion to suppress. CR Doc. 75 at 8. That view did not change after counsel obtained and reviewed videos the night before Thompson's rearraignment hearing. See id. at 9. At the hearing on Thompson's motion to withdraw guilty plea, the court found that counsel's advice was reasonable. Id. at 8. Thompson has not met his high burden to show otherwise. The court finds that counsel's conduct falls well within the wide range of

reasonable professional assistance afforded under <u>Strickland</u>. 466 U.S. at 689.

C. <u>The Retroactive Application of Amendment 798 Ground</u>

Thompson claims that Amendment 798 of the Sentencing Guidelines applies retroactively to his case because "his sentence was not yet final when the Amendment was passed and he is on [§] 2255." As stated in subsection A, <u>supra</u>, misapplication of the Sentencing Guidelines is not cognizable on collateral review. <u>Williamson</u>, 183 F.3d at 462; <u>Vaughn</u>, 955 F.2d at 368; see <u>United States v. Towe</u>, 26 F.3d 614, 616 (5th Cir. 1994) (per curiam). Rather, a claim for reduction of sentence due to a retroactive guideline amendment should be brought under 18 U.S.C. § 3582(c)(2). <u>Towe</u>, 26 F.3d at 616. However, even if the court construed Thompson's motion as one brought under § 3582(c)(2), Thompson would not be entitled to any relief. Amendment 798 is not retroactive. <u>See</u> USSG § 1B1.10(d).

Thompson claims that appellate counsel was ineffective for failing to raise the retroactive guideline amendment ground on direct appeal. However, for the reasons outlined in the preceding paragraph, such ground is meritless. Counsel was not ineffective for failing to raising it. <u>See</u> <u>Kimbler</u>, 167 F.3d 893.

## V.

### Order

Therefore,

The court ORDERS that Thompson's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED August 7, 2017.

_____
JOHN McBRYDE
United States District Judge